HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHARON ELAINE BURLESON,<br><br>           Plaintiff,<br><br>      v.<br><br>CAROLYN W. COLVIN, in her capacity<br>as Acting Commissioner of Social Security,<br><br>           Defendant. | CASE NO. C13-2269RAJ<br><br>ORDER |

The court has reviewed the Report and Recommendation ("R&R") of the Honorable James P. Donohue, United States Magistrate Judge. It has also reviewed Plaintiff's objections to the R&R, the Commissioner's response to those objections, and Plaintiff's recent summary judgment motion. As stated below, the court ADOPTS the R&R (Dkt. # 25), DENIES Plaintiff's objection (Dkt. # 26) solely to the extent that it requests that the court direct the Social Security Administration to award her benefits, REVERSES the Commissioner's final decision, and REMANDS this action to the Social Security Administration for further proceedings consistent with the R&R. The court directs the clerk to TERMINATE Plaintiff's summary judgment motion (Dkt. # 29) and to enter judgment for Plaintiff.

The court concurs wholly with the R&R's conclusion that the Social Security Administration, both before the administrative law judge who denied Plaintiff's claim for benefits and on appeal to its Appeals Council, badly mishandled Plaintiff's claim. Were

ORDER – 1

it possible to award Plaintiff benefits as a sanction for the Social Security Administration's shabby handling of Plaintiff's claim, this might well be a case in which the court would award this relief.  The court cannot, however, award benefits as a sanction.  And, as the R&R points out, the record below gives the court no basis to determine if Plaintiff is entitled to disability benefits.  Even if the court were inclined to award benefits, the medical record in the skimpy record before the court would not permit the court to reach any conclusions about whether Plaintiff is disabled.  *See Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014) (noting that courts have exercised power to remand for award of benefits "when it is clear from the record that a claimant is entitled to benefits").

From the outset of this appeal, the Commissioner has conceded errors that occurred within the Social Security Administration.  The Commissioner's counsel avers that efforts were made to contact Plaintiff to stipulate to a remand, but that those efforts were fruitless.  Plaintiff has represented herself without the benefit of an attorney in this appeal, perhaps because she obtained so little benefit from the attorney who represented her in administrative proceedings.  Nonetheless, the court concurs with the R&R's recommendation that Plaintiff endeavor to find counsel to assist her as she navigates the Social Security Administration on remand.

The court overrules Plaintiff's objection to the extent it requests that the court order an award of benefits.  The court also declines to grant her recent summary judgment motion, which seeks the same relief.  Although the court can engage in limited fact-finding on a fully-developed administrative record, Congress has declared that the Social Security Administration is responsible for developing that record in the first instance.  The court declines to entertain Plaintiff's motion for summary judgment.

The court ADOPTS the R&R, REVERSES the final decision of Defendant, and REMANDS this action to the Social Security Administration for further proceedings

ORDER – 2

1  consistent with the R&R.  The clerk shall enter judgment for Plaintiff and ensure that
2  Judge Donohue receives notice of this order.
3  DATED this 9th day of December, 2014.

                                               The Honorable Richard A. Jones
                                               United States District Court Judge

28  ORDER – 3